**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joyce L Garrison, | No. CV-17-00805-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Nike Incorporated, | |
| Defendant. | |

Plaintiff Joyce Garrison alleges that, after suffering an on-the-job injury, her employer, Defendant Nike Incorporated, ignored her injuries and refused to pay her worker's compensation. Garrison, who is an African American woman, claims that Nike was more attentive to the on-the-job injuries of a female Caucasian coworker and paid that coworker worker's compensation. Garrison brought this action in Maricopa County Superior Court on February 22, 2017, asserting claims against Nike under the Age Discrimination in Employment Act (ADEA) and Title VII of the Civil Rights Act of 1964.[1] She contends that Nike treated her differently because of her age, gender, and race. Nike removed the case soon thereafter.

At issue are Garrison's Motion to Remand (Doc. 11) and Nike's Motion to Dismiss (Doc. 4). The motions are fully briefed and neither party requested oral

---

[1] Garrison also references § 102 of the Civil Rights Act of 1991, but her substantive claims are based solely on Title VII and the ADEA.

argument. For the following reasons, Garrison's motion to remand is denied and Nike's motion to dismiss is granted.

## I. Motion to Remand

Any civil action brought in state court that asserts a claim over which federal district courts have original jurisdiction may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). A defendant must exercise this removal right within thirty days after receiving a copy of the complaint. 28 U.S.C. § 1446(b). Here, Garrison alleges claims arising under federal anti-discrimination laws. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, Nike had a right to remove this action from state court to federal court, which it timely exercised within thirty days of service. Garrison's preference for state court does not negate Nike's statutory right to a federal forum for the federal claims asserted against it. Garrison's motion to remand therefore is denied.

## II. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to seek dismissal of a complaint that is not based on a cognizable legal theory or that lacks sufficient facts to state a plausible claim under an otherwise cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Legal conclusions couched as factual allegations are not entitled to the assumption of truth and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010). Nor is the court required to accept as true "allegations that contradict matters properly subject to judicial notice," or that merely are "unwarranted deductions of fact, or unreasonable inferences*." Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

To avoid dismissal, the complaint must plead sufficient facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557.)

Nike argues that Garrison's complaint lacks a cognizable legal theory because her federal civil rights claims are untimely. Specifically, to maintain claims under Title VII and the ADEA a claimant is required to bring a civil action within ninety days of receiving a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(f)(1). This ninety-day period is treated like a statute of limitations. *Scholar v. Pac. Bell*, 963 F.2d 264, 266-67 (9th Cir. 1992). "Courts apply the ninety-day time limit strictly and will dismiss a suit for missing the deadline by even one day." *Wiley v. Johnson*, 436 F. Supp. 2d 91, 96 (D.D.C. 2006). Nike contends that Garrison filed her complaint more than ninety days after receiving her Notice of Right to Sue Letter. The Court agrees.

After filing her discrimination charge with the EEOC, Garrison received a Notice of Right to Sue Letter dated August 31, 2016. (Doc. 4-1 at 2.) The letter contained the following instructions:

> **Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost (The time limit for filing suit based on a claim under state law may be different).

Though Garrison does not disclose when she received the letter, the United States Postal Service's regulations state that first class mail sent within the contiguous United States

will arrive within three days and, consequently, the Ninth Circuit "presum[es] that, for purposes of determining when notice was actually given, a document is received three days after the date it was mailed." *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 921-22 (9th Cir. 2013); 39 C.F.R. § 121, App. A. Garrison therefore is presumed to have received the EEOC's Notice of Right to Sue Letter by September 3, 2016. Garrison was required to file her lawsuit by no later than December 2, 2016, but she did not file this action until February 22, 2017.

Garrison does not dispute that she received this Notice of Right to Sue Letter from the EEOC. Instead, she contends that her lawsuit is timely because she filed it within the time period specified in a Notice of Right to Sue Letter issued by the Office of the Arizona Attorney General's Division of Civil Rights Section. (Doc. 10 at 10.) That letter, which was sent on December 1, 2016, notified Garrison that she was required to file her civil action within the earlier of ninety days of receiving the letter or one year of the date she filed her charge (August 8, 2016). This time period, however, applies only to Garrison's state law claims. It does not apply to her claims arising under federal law. Indeed, the Notice of Right to Sue Letter issued by the EEOC clearly informed Garrison that the deadline for filing state law discrimination claims may be different from the deadline for filing her federal discrimination claims. Accordingly, because Garrison filed her federal discrimination claims more than ninety days after receiving the Notice of Right to Sue Letter from the EEOC, her complaint must be dismissed as untimely.[2]

//
//
//
//
//

---

[2] Nike alternatively argues that Garrison's complaint does not contain sufficient factual allegations to state a plausible entitlement to relief. Because the Court finds that Garrison's complaint is barred by the statute of limitations, it does not address Nike's alternative argument.

- 4 -

**IT IS ORDERED** the Garrison's Motion to Remand (Doc. 11) is **DENIED** and Nike's Motion to Dismiss (Doc. 4) is **GRANTED**. The Clerk shall terminate this case.

Dated this 19th day of June, 2017.

Douglas L. Rayes
United States District Judge